UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARREN McLEHAN, | No. 09-11547 |
| Plaintiff, | District Judge David M. Lawson |
| v. | Magistrate Judge R. Steven Whalen |
| CHASE HOME FINANCE, LLC, | |
| Defendant. | |

Before the Court is *Defendant Trott & Trott P.C's Motion to Dismiss from the Complaint Due to Misjoinder Pursuant to FRCP 21* [Docket #7], filed May 27, 2009, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed suit in Wayne County Circuit Court on or about January 1, 2009, alleging improprieties surrounding the May 21, 2008 foreclosure of their Detroit, Michigan home. *Darren and Noreen McLehan v. Federal National Mortgage Association, et. al., Trott and Trott P.C.,* Case No. 09-000446-CH. *Docket #1* at ¶1. On March 13, 2009, Plaintiffs' motion to amend the complaint adding Defendant Chase Home Finance LLC ("Chase") and Federal Home Loan Mortgage Corporation ("Freddie Mac") was granted. *Id.* at ¶4. On April 24, 2009, Defendants Chase and Freddie Mac filed a notice of removal to this Court pursuant to 28 U.S.C. §1446(b). *Id.* at ¶7.

Plaintiffs' first amended complaint, filed in state court on February 18, 2009, alleges that Defendants Trott & Trott P.C. ("Trott") and the County of Wayne ("Wayne County") employed "false, defective, improper and/or suspicious and questionable" methods in

-1-

processing the May, 2008 foreclosure in violation of M.C.L. §§600.3216, 3232 and the Fair Debt Collection Practices Act ("FDCPA"). *Docket #1,* pgs. 17-18 of 69, ¶¶17, 20.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 21 states in pertinent part that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed.R.Civ.P. 20(a), relating to the permissive joinder of parties, provides, in pertinent part:

> "All persons...may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

Under Rule 21, "[m]isjoinder of parties is not a ground for dismissing an action."[1]

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the sufficiency of a complaint, the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal,* ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of

---

[1] Defendant Trott's motion for dismissal "due to misjoinder" is therefore also construed as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Zarrilli v. Weld,* 875 F.Supp. 68, 70 (D.Mass. 1995).

action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

### III. ANALYSIS

**A. Fed R. Civ. P. 21**

Present Defendant, requesting that it be dismissed from suit pursuant to Fed. R. Civ. P. 21, argues that "[i]n this complaint, there is nothing that can be gleaned which relates to, or involves Trott & Trott, P.C. in any manner, other than as the attorneys-of-record for Federal National Mortgage Association, in an entirely separate matter," apparently contending that its involvement in the foreclosure was limited to filing an eviction action against Plaintiffs after the close of the six-month redemption period.[2] *Defendant's Brief* at 2, *Docket #8*. Defendant states that "[d]ue to the misunderstanding of the nature of the attorney/client relationship, many Plaintiffs believe that the attorneys and/or law firms are

---

[2]Somewhat confusingly, Defendant Trott alleges here that the foreclosure "occurred on March 10, 2004," inconsistent with multiple pleadings stating that the sale occurred on May 21, 2008. *Defendant's Brief* at 2. Further, an exhibit attached to a more recently filed motion indicates that contrary to its present contentions, Defendant Trott not only represented Defendant Freddie Mac in the eviction proceedings, but handled the underlying foreclosure sale for Defendant Chase. *Defendant Trott & Trott's Joinder in Concurrence in Wayne County's Response to Plaintiffs' Motion for Leave to File Third Amended Complaint* at 6, *Docket #27, Exhibit A. See also, Trott & Trott's Motion for Summary Disposition, Docket #1* at pgs. 40-41 of 69.

responsible for the conduct of their clients . . . or that by bringing an action . . . makes the attorney and/or law firms a party in their own suit." *Id.* at 1.

Plaintiffs' first amended complaint alleges that Trott employed "false, defective, improper and/or are suspicious and questionable" methods in processing the May, 2008 foreclosure in violation of M.C.L. §§600.3216, 3232 and the FDCPA. *Docket #1,* pg. 18-19 of 69, ¶¶17, 20. Specifically, they allege that Trott's "failure to cease collection activities upon notice of plainitff's (sic) dispute of the purported debt" constituted a violation of the FDCPA. *Id.* at 19 of 69, ¶20.

Plaintiffs' allegations against Defendant Trott are construed under FDCPA, which states in pertinent part as follows:

> "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

15 U.S.C. 1692g(b).

Again, Rule 21 does not provide for dismissal of a complaint. Nor is there a basis for a finding of misjoinder or a request for severance. The allegations against Trott and the other Defendants arise out of the same underlying foreclosure action, and involve common questions of law and fact.

Also, Trott is incorrect in stating that " there is nothing that can be gleaned which relates to, or involves Trott & Trott, P.C. in any manner, other than as the attorneys-of-record for Federal National Mortgage Association, in an entirely separate matter." Plaintiffs contend that Defendant Trott is a "debt collector" under 15 U.S.C. §1692(a)(6) and thus subject to the requirements of the Act. *Plaintiffs' Response* at 17, *Docket #19.* They also allege that in violation of 1692g(b) Trott "failed to cease collection [activities] upon receiving a request for validation." *Id.* at 19. Plaintiff's amended complaint on its face states a cognizable claim against Trott. Based on the pleadings relevant to this motion, severance under Rule 21 or dismissal under Rule 12(b)(6) is therefore inappropriate at this time.[3]

## IV. CONCLUSION

For these reasons, I recommend that Defendant's motion to dismiss under Rule 21 [Docket #7] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th

---

[3] On December 3, 2009, Defendant Trott joined in Wayne County's Response to Plaintiff's Motion for Leave to File Third Amended Complaint [Docket #27]. In contrast to Defendant's argument under Fed. R. Civ. P. 21, the newer pleading contains possibly more meritorious arguments in favor of dismissal, including 1) Trott is not a "debt collector" under the FDCPA and 2) it nonetheless complied with the statutory duties of a debt collector. However, because Plaintiffs have not been given the opportunity to respond to these contentions (raised for the first time in a responsive brief) the Court will not address them here. Defendant Trott is nonetheless free to file a new motion based on the arguments contained in the joinder. Plaintiffs will then have the opportunity to respond to those arguments.

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 26, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 26, 2010.

S/G. Wilson
Judicial Assistant