UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN McLEHAN,　　　　　　　　　　　　　No. 09-11547

　　　　　Plaintiff,　　　　　　　　　　　　　　District Judge David M. Lawson

v.　　　　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

CHASE HOME FINANCE, LLC,

　　　　　Defendant.
　　　　　　　　　　　　　　　　　　　　/

# REPORT AND RECOMMENDATION

Before the Court is *Defendant Wayne County's Motion to Dismiss for Failure to State a Claim* [Docket #22], filed October 29, 2009, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED, dismissing Defendant Wayne County from this action with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed suit in Wayne County Circuit Court on or about January 1, 2009, alleging improprieties surrounding the May 21, 2008 foreclosure of their Detroit, Michigan home. *Darren and Noreen McLehan v. Federal National Mortgage Association, et. al., Trott and Trott P.C.,* Case No. 09-000446-CH. *Docket #1* at ¶1. On March 13, 2009, Plaintiffs' motion to amend the complaint was granted, adding Defendant Chase Home Finance LLC

("Chase") and Federal Home Loan Mortgage Corporation ("Freddie Mac") as Defendants. *Id.* at ¶4. On April 24, 2009, Defendants Chase and Freddie Mac filed a notice of removal to this Court pursuant to 28 U.S.C. §1446(b). *Id.* at ¶7.

Plaintiffs' first amended complaint, filed in state court on February 18, 2009, alleges that Defendants Trott & Trott P.C. ("Trott") and the County of Wayne ("Wayne County") employed "false, defective, improper and/or suspicious and questionable" methods in processing the mortgage foreclosure in violation of M.C.L. §§600.3216, 3232 and the Fair Debt Collection Practices Act ("FDCPA"). *Docket #1,* pgs. 17-18 of 69, ¶¶17, 20.

On March 17, 2010, the Honorable David M. Lawson adopted my Report and Recommendation that Trott's May 27, 2009 *Motion to Dismiss from Complaint Due to Misjoinder* [Docket #7] be denied. *Docket #35.*

## II. STANDARD OF REVIEW

In assessing the sufficiency of a complaint under Fed. R. Civ. P. 12(6)(b), the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But

> where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

## III. ANALYSIS

Defendant contends that it is immune from suit under the Michigan's Governmental Tort Liability Act. M.C.L. § 691.1407(1)). A review of Complaint shows that Plaintiffs have not alleged violations of federal law by Wayne County. Defendant contends that its alleged violations of M.C.L. §§ 600.3216, 3232 are insufficient to sustain the present cause of action.

Plaintiffs claim that "Special Deputy Sheriff" Yolanda Diaz was not authorized to conduct the sheriff's sale pursuant to M.C.L. §§ 600.3216, 3232 . M.C.L. § 600.3216 states in pertinent part that "[t]he [foreclosure] sale shall be at public sale . . . and shall be made by the person appointed for that purpose in the mortgage, or by the sheriff, undersheriff, or a deputy sheriff of the county, to the highest bidder." Plaintiffs allege that Yolanda Diaz "was deputized by someone other than [now former] Wayne County Sheriff Warren Evans" in violation of M.C.L. §51.70. The statute reads as follows:

> "Each sheriff may appoint 1 or more deputy sheriffs at the sheriff's pleasure, and may revoke those appointments at any time. Persons may also be deputed by a sheriff, by an instrument in writing, to do particular acts, who shall be known as special deputies and each sheriff may revoke those appointments at any time."

Case law from this district supports the conclusion that the foreclosure sale would not be invalidated by the fact that Diaz was allegedly deputized by an under sheriff rather than Warren Evans. "[A] special deputy must be appointed in writing but that appointment need not be by the sheriff." *English v. Flagstar Bank,* 2009 WL 4730450, *2 (E.D.Mich.,2009)(Cohn, J.)(*citing* M.C.L. §§51.71, 51.73). "Since [the Special Deputy's] appointment was in writing by an under sheriff, it was valid under Michigan law." *Id.* However, because Defendant County has not addressed the question of whether Diaz was eligible to conduct the sale under the statute, the question of whether an individual other than Warren Evans was authorized to deputize Diaz need not be considered.

Nevertheless, Defendant's oversight of the foreclosure sale, a government function, is subject to governmental immunity. Under M.C.L.§600.3216, Defendant County was "statutorily authorized and obligated" to preside over the foreclosure sale. *Franklyn v. Bank of New York,* 2006 WL 1451507, *2 (Mich.App.2006). "This express statutory authorization renders the sale a government function." *Id.*; MCL 691.1401(f). "Defendant accordingly enjoys statutory tort immunity in its discharge of this function" under MCL 691.1407(1)); *see also HRSS, Inc. v. Wayne County Treasurer,* 279 F.Supp.2d 846, 851 (E.D.Mich.,2003)(Cleland, J.)("Plaintiffs' tort claims against Wayne County . . . fail as a matter of law because the county is immune under Michigan law").

Plaintiffs argue that the County's grossly negligent actions carve out an exception to government immunity under §1407(2)(c). Gross negligence is "conduct so reckless as to

demonstrate a substantial lack of concern for whether an injury results." *Xu v. Gay,* 257 Mich.App 263, 269; 668 NW2d 166 (2003); M.C.L. 691.1407(7)(a). Nonetheless, even assuming that Diaz, a non-party, could be found in some way grossly negligent, her actions do not implicate the County. M.C.L. 691.1407(2)(c) "subjects individual governmental agents to liability for gross negligence, not governmental agencies." *Booker v. Detroit Public Schools,* 2010 WL 1052275, *2 (Mich.App. 2010); *see also Gracey v. Wayne Co. Clerk,* 213 Mich.App. 412, 420, 540 N.W.2d 710 (1995), overruled in part on other grounds. As such, claims against the County are dismissible as a matter of law.

## IV. CONCLUSION

For these reasons, I recommend that Defendant's motion be GRANTED, dismissing Defendant Wayne County from this action with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        S/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Dated: July 1, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 1, 2010.

        S/G. Wilson
        Judicial Assistant