Yes.UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN McLEHAN,  No. 09-11547

        Plaintiff,  District Judge David M. Lawson

v.  Magistrate Judge R. Steven Whalen

CHASE HOME FINANCE, LLC,

        Defendant.
                                        /

**REPORT AND RECOMMENDATION**

      Before the Court is Defendant Chase Home Finance's and Federal Home Loan Mortgage Corporation's Motion to Dismiss and/or for Summary Judgment on All of Plaintiffs' Claims [Docket #28], filed December 8, 2009, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED, dismissing present Defendants from this action with prejudice.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

      Plaintiffs filed suit in Wayne County Circuit Court on or about January 1, 2009, alleging improprieties surrounding the May 21, 2008 foreclosure of their Detroit, Michigan home. *Darren and Noreen McLehan v. Federal National Mortgage Association, et. al., Trott and Trott P.C.,* Case No. 09-000446-CH. *Docket #1* at ¶1. On March 13, 2009, Plaintiffs' motion to amend the complaint was granted, adding Defendant Chase Home Finance LLC ("Chase") and Federal Home Loan Mortgage Corporation ("Freddie Mac") as Defendants. *Id.* at ¶4. On April 24, 2009, Defendants Chase and Freddie Mac filed a notice of removal to this Court pursuant to 28 U.S.C. §1446(b). *Id.* at ¶7.

-1-

Plaintiffs' first amended complaint, filed in state court on February 18, 2009, alleges that Defendants Trott & Trott P.C. ("Trott") and the County of Wayne ("Wayne County") employed "false, defective, improper and/or suspicious and questionable" methods in processing the mortgage foreclosure in violation of M.C.L. §§600.3216, 3232 and the Fair Debt Collection Practices Act ("FDCPA"). *Docket #1,* pgs. 17-18 of 69, ¶¶17, 20.

Plaintiffs, also alleging detrimental reliance, unjust enrichment, fraud, irregularity, misrepresentation and/or material defect in the foreclosure process, claim that Defendant Chase failed to provide them with documents required by the Truth in Lending Act ("TILA") 15 U.S.C. §§ 1601 *et seq*. at the time the mortgage was executed. *Id.,* pg. 16 of 69, ¶6(a-d). They allege that they were unaware that additional charges would be tacked on to the "regular monthly payment;" that they would be obliged to pay a balloon note at the end of term; or that they would be subject to prepayment penalties. Plaintiffs also allege that in violation of the Federal Trade Commission Act ("FTCA"), Chase reneged on a promise to give them a fixed rate mortgage. *Id.* pg. 17 0f 69, ¶10(e) (*citing* Federal Trade Commission Act, 15 U.S.C. §45(a)). They contend further that Freddie Mac was "unjustly enriched due to the violations of the Fair Debt Collections Practice Act" by Defendant Trott during the foreclosure proceedings. *Id.* at pg. 19, ¶20.

## II. STANDARD OF REVIEW

In assessing the sufficiency of a complaint under 12(b)(6), the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a

"plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

# III. ANALYSIS

Present Defendants contend that multiple grounds exist for dismissal:[1] (**A**) TILA claims are time-barred by the statute of limitations. *Defendants' Brief* at 5; (**B**) TILA claims are barred by the statute of repose. *Id.* at 5-6; (**C**) The Federal Trade Commission Act does not contain a private right of action. *Id.* at 6-7 (**D**) The "consumer injury" claim states no cause of action. *Id.* at 7; (**E**) Plaintiffs lack standing to challenge the foreclosure process. *Id.* at 7-12; (**F**) Plaintiffs' argument that the mortgage's promissory note supplied by Defendants is a copy rather than the original does not allege a cause of action. *Id.* at 12; (**G**) Plaintiffs' claims of unjust enrichment are dismissible given the presence of an express contract. *Id.* at 13-14; (**H**) Plaintiffs' argument that Freddie Mac is not a "holder in due course" reflects a misapplication of M.C.L. §440.3302(1). *Id.* at 14-15.

### A. TILA Claims Are Time-barred by the Statute of Limitations.

15 U.S.C. § 1640(e) states in pertinent part that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." "The limitations period in § 1640(e) runs from the date of consummation of the transaction." *Gray v. Home Bank of Tennessee,* 1995 WL 35660, *1 (6th Cir.1995)(*citing Jones v. TransOhio Sav. Ass'n,* 747 F.2d 1037, 1041 (6th Cir.1984)).

Plaintiffs do not dispute that the mortgage in question was executed on November 23, 2005, over three years before filing suit on January 7, 2009. They have made no showing that equitable tolling is appropriate. "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or has

---

[1] For ease of reference, arguments for dismissal are lettered (A-H) rather than numbered, consistent with Defendant's brief. *Defendant's Brief* at 5-14.

reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *Id.* Aside from Plaintiffs' generalized allegations of fraud, neither the Amended Complaint nor the response to the present motion contain factual allegations justifying equitable tolling. The allegation that Defendant Chase failed to provide them with a right of cancellation notice at the time of the mortgage execution is insufficient to toll the claim. "The alleged act(s) that provide the factual predicate for the claim, i.e., inaccurate loan documents, cannot, standing alone, also support equitable tolling." *Sobh v. Chase Home Finance, LLC et al.,* E. D. Mich. Case no. 09-11986, Docket #19 at 6, July 28, 2009 (Rosen, J.)(*citing In re Community Bank of Northern Virginia,* 467 F. Supp. 2d 466, 479 (W.D. Pa. 2006)). As such, dismissal of the TILA claims is appropriate.

### B. TILA Claims Are Also Barred by the Statute of Repose.

Under 15 U.S.C § 1635(f),

> "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this chapter . . . have not been delivered to the obligor."

"[T]he borrower has three years in which to rescind the transaction if (as alleged here) the bank failed to satisfy the notice requirements of the Act." *Barrett v. JP Morgan Chase Bank, N.A.,* 445 F.3d 874, 881 (6th Cir. 2006). "The statute . . . describes the rules for repose--three days if the bank satisfies its disclosure requirements and three years if it does not." *Id.*

Plaintiffs' January 7, 2009 filing places it well beyond the three-year anniversary of the November 23, 2005 mortgage consummation. Even assuming for the sake of argument that Defendants in one way or another failed to satisfy TILA's notice requirements (Affidavit of Darren McLehan at ¶2), Plaintiffs' claims for rescission are nonetheless extinguished.

### C. The Federal Trade Commission Act

Claims made under the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §45(a) are also subject to dismissal. *See Complaint,* pg. 17 0f 69, ¶10(e).

"Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. § 45(a)(1). "The Commission is . . . empowered and directed to prevent persons, partnerships, or corporations . . . from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce." *Id.*

Regardless of whether Defendant engaged in "deceptive acts" as defined by the subsection, a private right of action is unavailable under the FTCA. "The Act nowhere purports to confer upon private individuals, either or business competitors, a right of action to enjoin the practices prohibited by the Act or to obtain damages following the commission of such acts." *Holloway v. Bristol-Myers Corp*. 485 F.2d 986, 989-990 (D.C. Cir. 1973); *See also Diessner v. Mortgage Electronic Registration Systems,* 618 F. Supp. 2d 1184, 1191 (D. Arizona 2009).

### D. Plaintiffs' "Consumer Injury" Claim Does Not State a Cause of Action.

To the extent that Plaintiffs' "consumer injury" allegations are based on TILA, these claims, as discussed above, are barred by both the statute of limitations and the statute of repose. Construed alternatively to state violations of the FTCA, Plaintiffs do not enjoy a private a cause of action. *See Holloway, supra.*

### E. Standing

Defendants argue next that Plaintiffs lack standing to contest the foreclosure sale. They point out that the six-month redemption period for the May 21, 2008 foreclosure sale expired on November 21, 2008 but that Plaintiffs did not file suit until January, 2009.

*Defendants' Brief* at 8-9 (*citing Mission of Love v. Evangelist Hutchinson Ministries,* No. 26619, 2007 WL 1094424 at *5 (Mich. Ct. App., April 12, 2007)). On a related note, Defendant Chase contends that its own processing of the mortgage and Co-Defendant Trott's administration of the sale proceeds do not present grounds to set aside the foreclosure. *Id.* at 9-11. Defendants argue further that Plaintiffs are guilty of laches. *Id.* at 11-12.

The court in *Mission of Love,* finding that the lower court had properly declined to hear the merits of the plaintiff's claim subsequent to the expiration of the redemption period, observed that "[a]fter the redemption period expired, plaintiff no longer had any right or interest in the foreclosure sale." 2007 WL 1094424 at *5. *See also MOSES Inc. v. SEMCOG,* 270 Mich.App. 401, 415, 716 N.W.2d 278, 287 (2006)("On these facts, the individual plaintiffs lack standing because they have not alleged an injury in fact to a legally protected interest." )(internal citations omitted).

Applicably here, Plaintiffs' lack of standing at the time the lawsuit was filed defeats the allegation that Defendant Freddie Mac, having purchased the mortgage note, is not "the holder in due course," as a result of foreclosure sale improprieties. *Complaint* at ¶21. [2]

**F. The Authenticity of the Promissory Note**

Pursuant to Fed. R. Evid. 1003, Plaintiffs apparently contend that a *copy* of the promissory note submitted by Defendants is insufficient. *See Defendants' Exhibit 6.*

Fed. R. Evid. 1003 reads as follows:
"A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the

---

[2]However, outstanding FDCPA claims against Co-Defendant Trott pertaining to the May, 2008 foreclosure sale will not be addressed here.

-7-

circumstances it would be unfair to admit the duplicate in lieu of the original."

The failure to comply with Rule 1003 does not state a cause action. Further, the allegation is moot to the extent that it would actually support the time-barred TILA claims. More obviously, Plaintiffs have not provided any evidence to show that Defendants altered the original document or that the copy was otherwise inadequate. *English v. Flagstar Bank,* 2009 WL 3429674, *4 (E.D. Mich. October 21 2009)(Cohn, J.).

### G. Unjust Enrichment

Claims for unjust enrichment made pursuant to FDCPA are unavailing given that neither Chase nor Freddie Mac are "debt collectors" under the Act. Under the FDCPA, only "debt collectors" are subject to liability. *Montgomery v. Huntington Bank,* 346 F.3d 693, 698 -699 (6th Cir. 2003).

> "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

15 U.S.C.. § 1692a(6). Attempts to collect on a security interest in the property by Defendant Chase are also exempt from liability under the Act. *See Montgomery* at 698-699 (finding that the defendant bank collecting on its accounts fell "within the exception of" § 1692a(6)(F)(iii)).

The unjust enrichment claims, alternatively construed under state law, are likewise unavailing. Under Michigan law, "[t]he essential elements of an unjust enrichment claim are: '(1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by defendant.'" *J & J Plumbing & Heating, LLC v. Tate,* 2008 WL 4891807,*4 (Mich.App. 2008)(*citing Barber v. SMH (US), Inc.,* 202

Mich.App 366, 375, 509 NW2d 791 (1993)). "'In such instances, the law operates to imply a contract in order to prevent unjust enrichment.'" *Id.* "'However, a contract will be implied only if there is no express contract covering the same subject matter.'" *Id.*

This action is governed by the written terms of the November 23, 2005 mortgage agreement. *Docket #28,* Exhibit 7. Further, Defendants, addressing the merits of the allegation, note that "Freddie Mac paid full consideration (the outstanding amounts due under the note) for the property at the foreclosure sale." *Defendants' Brief* at 14; Exhibit 10. They point out that "it is not like Freddie Mac paid $1 for the property or otherwise received a 'sweetheart deal.'" The unjust enrichment claim, construed as either a FDCPA or state law claim, is subject to dismissal.

### H. M.C.L. § 440.3302(1)

Finally, Plaintiffs' allegation that Defendant Freddie Mac is not "the holder in due course" is also dismissible on its face.

Pursuant to M.C.L. § 440.3302(1) "'holder in due course'" requires that

> "(a) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity"

and

> "(b) The holder took the instrument (*i*) for value, (*ii*) in good faith, (*iii*) without notice that the instrument is overdue or has been dishonored or that there is an incurred default with respect to payment of another instrument issued as part of the same series, (*iv*) without notice that the instrument contains an unauthorized signature or has been altered, (*v*) without notice of any claim to the instrument described in section 3306, and (*vi*) without notice that any party has a defense or claim in recoupment described in section 3305(1)."

Defendants contend that § 440.3302 and the "holder in due course doctrine" is

inapplicable to Freddie Mac's deed to the property. *Defendants' Brief* at 14-15. From a substantive perspective, Plaintiffs' allegation, construed to state that Freddie Mac's interest in the property is invalidated by foreclosure irregularities, is unavailing. Freddie Mac's purchase was "for value." *Defendants' Exhibit 10.* Plaintiffs, waiting until January, 2009 to file suit, cannot show that Freddie Mac had reason to question the validity of the note at the time of the May 21, 2008 sale or that the purchase was not made in good faith.

## IV. CONCLUSION

For these reasons, I recommend that the motion to dismiss and/or for summary judgment [Docket #28] be GRANTED, dismissing present Defendants from this action with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fd'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than

twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 2, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 2, 2010.

S/G. Wilson
Judicial Assistant