UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN McLEHAN,						No. 09-11547

   Plaintiff,						District Judge David M. Lawson

v.											Magistrate Judge R. Steven Whalen

CHASE HOME FINANCE, LLC,

   Defendant.
                     /

## REPORT AND RECOMMENDATION

Before the Court is Defendant Trott & Trott, P.C.'s Motion for Summary Judgment/Dismissal [Docket #43], filed July 27, 2010, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED, dismissing this Defendant with prejudice.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed suit in Wayne County Circuit Court on or about January 1, 2009, alleging improprieties surrounding the May 21, 2008 foreclosure of their Detroit, Michigan home. *Darren and Noreen McLehan v. Federal National Mortgage Association, et. al., Trott and Trott P.C.,* Case No. 09-000446-CH. *Docket #1* at ¶1. On March 13, 2009, Plaintiffs' motion to amend the complaint adding Defendant Chase Home Finance LLC ("Chase") and Federal Home Loan Mortgage Corporation ("Freddie Mac") was granted. *Id.* at ¶4. On April

-1-

24, 2009, Defendants Chase and Freddie Mac filed a notice of removal to this Court pursuant to 28 U.S.C. §1446(b). *Id.* at ¶7.

Plaintiffs' first amended complaint, filed in state court on February 18, 2009, alleges that Defendants Trott & Trott P.C. ("Trott") and the County of Wayne ("Wayne County") employed "false, defective, improper and/or suspicious and questionable" methods in processing the May, 2008 foreclosure in violation of M.C.L. §§600.3216, 3232 and the Fair Debt Collection Practices Act ("FDCPA"). *Docket #1,* pgs. 17-18 of 69, ¶¶17, 20.

On July 23, 2010, the Honorable David M. Lawson granted Defendant Wayne County's Motion to Dismiss [Docket #22] and Chase Bank, N.A., and Federal Home Loan Mortgage Corporation's Motion to Dismiss [Docket #28]. *Docket #40-41*.

## II. STANDARD OF REVIEW

In assessing the sufficiency of a complaint under 12(b)(6), the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the

> mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

### III. ANALYSIS

### A. 15 U.S.C. 1692g

#### 1. Applicable Law

15 U.S.C. 1692g (a) sets forth a debt collector's obligations under the FDCPA:

> "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

In regard to disputed debts, 1692g(b) states as follows:

> "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor."

#### 2. Application to Present Case

Because Trott complied with the requirements of the FDCPA in processing the foreclosure of Plaintiffs' property, claims against them should be dismissed. April 8, 2008, correspondence from Trott to Plaintiffs states the amount of the mortgage debt, the name of the creditor, and advises Plaintiffs of their right to request a validation of the debt within the 30-day period. *Defendant's Exhibit D.* Plaintiffs have not contested Defendant's position that they did not request a validation or otherwise dispute the debt within the 30-day period set forth in the statute.

Moreover, Plaintiffs' eventual but grossly untimely request for validation of the mortgage debt on December 9, 2008 did not preserve their rights under the statute. Defendant notes correctly that the request, made subsequent to the November 21, 2008 expiration of the statutory redemption period, "did not trigger any obligation to verify the debt." *Defendant's Brief* at 6. Plaintiffs' interest in the house was extinguished as of November 21, 2008 and as such, they lacked standing to dispute the debt at the time of their December 9, 2008 request. *Mission of Love v. Evangelist Hutchinson Ministries,* No. 26619, 2007 WL 1094424 at *5 (Mich. Ct. App., April 12, 2007); *see also MOSES Inc. v. SEMCOG,* 270 Mich. App. 401, 415, 716 N.W.2d 278, 287 (2006)("On these facts, the individual plaintiffs lack standing because they have not alleged an injury in fact to a legally protected interest.")(internal citations omitted). Trott also notes that although not required to comply with the tardy request, it nonetheless provided Plaintiffs with a copy of the mortgage and loan documents. *Defendant's Brief* at 6. Because Plaintiffs cannot show that Trott was non-compliant with the requirements of § 1692g, dismissal of the FDCPA claim is appropriate.

### B. M.C.L. § 600.3216

Plaintiffs' claim, pursuant to M.C.L. § 600.3216, that the foreclosure sale was invalid because "Special Deputy Sheriff" Yolanda Diaz was not authorized to conduct the sheriff's sale is also unavailing. *Docket #36* at 3-4. M.C.L. § 600.3216 states that "[t]he [foreclosure] sale shall be at public sale . . . and shall be made by the person appointed for that purpose in the mortgage, or by the sheriff, undersheriff, or a deputy sheriff of the county, to the highest bidder." Plaintiffs' base this claim on the alleged fact that Yolanda Diaz "was deputized by someone other than [now former] Wayne County Sheriff Warren Evans" in violation of M.C.L. §51.70. The statute reads as follows:

> "Each sheriff may appoint 1 or more deputy sheriffs at the sheriff's pleasure, and may revoke those appointments at any time. Persons may also be deputed by a sheriff, by an instrument in writing, to do particular acts, who shall be known as special deputies and each sheriff may revoke those appointments at any time."

The fact that Diaz may have been deputized by an under sheriff rather than Warren Evans does not invalidate her appointment. "[A] special deputy must be appointed in writing but that appointment need not be by the sheriff." *English v. Flagstar Bank,* 2009 WL 4730450, *2 (E.D.Mich.,2009)(Cohn, J.)(*citing* M.C.L. §§51.71, 51.73). "Since [the Special Deputy's] appointment was in writing by an under sheriff, it was valid under Michigan law." *Id.*

Plaintiffs allege only that Warren Evans did not deputize Diaz. However, they do not claim that Diaz was not deputized by an under sheriff or that the appointment was not in

writing. Because the allegation that Evans did not personally deputize Diaz is insufficient to allege that she was not authorized to conduct the foreclosure sale, claims that the foreclosure sale was invalid under M.C.L. § 600.3216 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### III. CONCLUSION

For these reasons, I recommend that the Defendant Trott's motion be GRANTED, dismissing this Defendant with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the

court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                s/R. Steven Whalen
                R. STEVEN WHALEN
                UNITED STATES MAGISTRATE JUDGE

Dated: August 17, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 17, 2010.

                s/Susan Jefferson
                Case Manager