UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN McLEHAN and NOREEN
McLEHAN,

        Plaintiffs,                        Case Number 09-11547
                                                              Honorable David M. Lawson
v.                                                        Magistrate Judge R. Steven Whalen

TROTT & TROTT, P.C.,

        Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT BY DEFENDANT TROTT AND TROTT, P.C., GRANTING MOTION FOR SUMMARY JUDGMENT, DENYING MOTIONS TO STRIKE BY CHASE BANK, DENYING PLAINTIFF'S MOTION TO COMPEL, DISMISSING WRIT OF ERROR, DENYING PLAINTIFFS' MOTION TO DISMISS MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DISMISSING COMPLAINT WITH PREJUDICE**

      The plaintiffs lost their home in Detroit, Michigan to foreclosure in May 2008. They filed suit in the Wayne County, Michigan circuit court alleging improprieties during that process. The defendants were Chase Bank, Chase Home Finance LLC, the Federal Home Loan Mortgage Corporation, Trott & Trott, P.C., and the County of Wayne. After defendant Chase removed the case to federal court, the undersigned referred the matter to Magistrate Judge R. Steven Whalen to conduct all pretrial proceedings under the authority granted by Congress in 28 U.S.C. § 636(b). The defendants filed motions to dismiss or for summary judgment at various times. Magistrate Judge Whalen did not decide the motions; instead, he prepared reports recommending the dispositions, which in each case was that the respective motions be granted and the corresponding defendant be dismissed from the case. The plaintiffs did not file objections, and the Court, after review, adopted the recommendations and granted the respective motions. Defendants Chase Bank, Chase Home

Finance LLC, The Federal Home Loan Mortgage Corporation, and the County of Wayne have been dismissed under that procedure.

Presently before the Court is another report and recommendation prepared by Magistrate Judge Whalen, this time on a motion for summary judgment filed by defendant Trott & Trott, P.C.. The plaintiffs' case against that defendant is based on alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1562g, and a provision of state law dealing with appointment of deputy sheriffs. Magistrate Judge Whalen determined that there are no facts genuinely in dispute and defendant Trott & Trott, P.C. is entitled to judgment as a matter of law. Magistrate Judge Whalen recommends that the case be dismissed against that defendant, which would conclude the lawsuit.

The plaintiffs have not filed objections as such to the report and recommendation. They have, however, filed a motion to "dismiss" the report and recommendation. They have filed another motion of a similar nature as well, entitled "Motion to Compel and Dismiss Defendant's Motion(s) and Injunction by Who/What Authority," which remains pending. The also filed a paper entitled "Writ of Error Quae Coram Nobis Residant." No party has responded to the plaintiffs' motions; however, also in the record are two motions by the attorneys for dismissed defendant Chase Bank to strike the plaintiffs' motion and the writ. Chase's motions are entirely unilluminating, cite no pertinent authority, and appear to be nothing more than churning by attorneys for a defendant who no longer is part of the litigation in this Court. The Court discourages that practice.

The central theme of the plaintiffs' motions and the writ is that the magistrate judge does not have the authority to act in this case. The plaintiffs are incorrect. In the Magistrate Judges Act, Congress authorized Article III judges to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). That section also states that

magistrate judges may not "determine" motions to dismiss or for summary judgment. However, when those matters have been referred to a magistrate judge, the magistrate judge may submit to the Article III judge "proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B) (stating that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)"). Congress has described the procedure that applies when a magistrate judge submits a report and recommendation:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(1)-(3) (stating that "[a] magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . . Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. . . . The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

Under this statute and rule, objections to a report and recommendation must be specific. The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v.*

*Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Moreover, a party's failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The plaintiffs' filings concerning the magistrate judge's report and recommendation are not styled as "objections." However, *pro se* filings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, therefore, will treat the plaintiffs' motion to dismiss the magistrate judge's report as objections. The "objections," however, do not address the substance of the report or take issue with its legal pronouncements. As noted earlier, the gravamen of the objections is a misguided challenge to the magistrate judge's authority. "The leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and this Court cannot rewrite the objections to state something they do not. Consequently, the plaintiffs have waived objections to the magistrate judge's suggestion that defendant Trott & Trott, P.C. is entitled to a judgment of dismissal as a matter of law. After reviewing the submissions, the Court must say that it agrees.

The plaintiffs' motion to compel is cast in similar terms. It consists of a parade of legal maxims and definitions, and it appears to be a similar challenge to the authority of the magistrate judge. The plaintiffs observe that to deny someone his day in court is a serious matter. True enough. But even *pro se* filers must follow the rules and state a case that requires adjudication under the applicable laws. The plaintiffs have failed in that effort. The motion to compel does not state any valid ground for affording the plaintiffs relief.

Finally, the plaintiffs' filing of a writ of error coram nobis is an anachronism and of no legal effect. The writ "was conceived by the judiciary of sixteenth century England, born of the necessities of that time. Since a review by Parliament and the Exchequer was restricted exclusively to errors of law, it was essential to devise some means of correcting the occasional injustice resulting from errors of fact being committed in the Court of Kings Bench." *People v. Kendrick*, 75 N.Y.S.2d 216, 218 (N.Y. Gen. Sess. 1947) (quotation marks and citation omitted). The writ was an invention by courts of chancery, but it has been displaced by various forms of appeal, review, and reconsideration. *Id.* at 219. In modern practice, a litigant dissatisfied with a magistrate judge's ruling or recommendation may seek relief from the assigned district judge within the time limits prescribed. *See* Fed. R. Civ. P. 72. If a litigant is persuaded that errors in fact or law, newly discovered evidence, or fraud on the court have led to an improper result, then he may seek relief from an order or judgment under Federal Rule of Civil Procedure 60(b). And dissatisfaction with the result in a district court may be reviewed by the appropriate court of appeals. However, the litigants must follow the rules to seek and obtain such relief. It appears that by filing their writ of error coram nobis, the plaintiffs once again are challenging the magistrate judge's authority to act. For the reasons stated earlier, those arguments have no merit.

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation [dkt #50] is **ADOPTED**.

It is further **ORDERED** that defendant Trott & Trott, P.C.'s motion for summary judgment [dkt #43] is **GRANTED**.

It is further **ORDERED** that the plaintiffs' motion to compel [dkt #49] and motion to dismiss the magistrate judge's report and recommendation [dkt #51] are **DENIED**.

It is further **ORDERED** that the Writ of Error Quae Coram Nobis Residant [dkt #47] is **DISMISSED**.

It is further **ORDERED** that defendant Chase Bank's motions to strike [dkt #46, 48] are **DISMISSED as moot**.

It is further **ORDERED** that the plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 7, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 7, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO